IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jack Roberts, Individually and as Power-of-Attorney for Barbara Roberts, and Frank Roberts, Individually, | ) ) ) ) | C/A No.:  1:21-cv-01750-JMC |
| Plaintiffs, | ) ) | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS AIKEN COUNTY, AIKEN COUNTY SHERIFF'S OFFICE, AIKEN COUNTY EMERGENCY MEDICAL SERVICES, HUNT, KILLIAN, AND TURNER** |
| v. | ) ) ) | |
| County of Aiken, Aiken County Sheriff's Office, Aiken County Emergency Medical Services, Michael E. Hunt, Individually and in his Official Capacity as Aiken County Sheriff, Clay Killian, individually and in his Official Capacity as Aiken County Administrator, Jeannie Turner, Individually and in her Official Capacity as 911 Dispatcher for Aiken County; and John Does, | ) ) ) ) ) ) ) ) ) ) ) | **(Jury Trial Demanded)** |
| Defendants. | ) ) | |

The Defendants County of Aiken, Aiken County Sheriff's Office (hereinafter, "ACSO"), Aiken County Emergency Medical Services (hereinafter, "ACEMS"), Michael E. Hunt, Clay Killian, and Jeannie Turner hereby answer Plaintiffs' Complaint dated May 6, 2021 [Dkt 1-1], as follows:

## FOR A FIRST DEFENSE

1.     The Summons and Complaint fails to state a claim upon which relief can be granted and therefore, this action should be dismissed against these Defendants pursuant to Fed.R.Civ.P. Rule 12(b)(6).

## FOR A SECOND DEFENSE

2.     These Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

1

3.      That as to the first sentence of Paragraph One (1), these Defendants admit same upon information and belief.  That as to the second sentence of Paragraph One (1), these Defendants only admit upon information and belief that on May 6, 2019, an ACEMS unit was dispatched emergent to 925 Windsor Road in Aiken County South Carolina.  Except as stated herein, these Defendants deny this paragraph as stated and demand strict proof thereof.

4.      That as to Paragraph Two (2), these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.  Further responding, these Defendants crave reference to the Code of Laws of the State of South Carolina as to this Plaintiff's legal status and capacity to bring the instant suit.

5.      That as to Paragraph Three (3) these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

6.      That as to Paragraph Four (4), and Thirteen (13), while these Defendants acknowledge that the terms "Plaintiffs" and "Defendants" are referenced throughout the Complaint, these Defendants expressly deny that any of Plaintiffs' claims against them are meritorious.

7.      That as to Paragraph Five (5), these Defendants generally admit same.  Further responding, Aiken County is a governmental entity as set forth pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*.

8.      That as to the first sentence of Paragraph Six (6), these Defendants deny that the Defendant ACSO is a legal entity of the State, but assert that the proper entity is the Sheriff of Aiken County in his official capacity and that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-

10, *et seq.* and is under the jurisdiction of said Act.  That as to the remaining portions of Paragraph Six (6), while these Defendants generally admit same, these Defendants expressly deny that any of Plaintiffs' claims against the Defendants ACSO or Turner are meritorious.

9.     That as to the first sentence of Paragraph Seven (7), the Defendant Sheriff of Aiken County alleges that at all relevant times to this action, he was a constitutional officer and thereby a state agency pursuant to the South Carolina Constitution and the Laws of the State of South Carolina.  Moreover, this Defendant asserts that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act.  That as to the second sentence of Paragraph Seven (7), these Defendants generally admit same, although expressly deny that any of Plaintiffs' claims against these Defendants are meritorious.  That as to the last sentence of Paragraph Seven (7), Plaintiffs have set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, these Defendants crave reference thereto.

10.     That as to Paragraph Eight (8), the Defendant ACEMS denies that it is a legal entity of the State and only admits that it is a department of Aiken County, which is an agency of the State of South Carolina duly organized and existing under the laws of the State of South Carolina and that it is subject to the terms and conditions of the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq.*  Further answering, to the extent this paragraph asserts any actions, inactions, wrongdoing or liability on behalf of these Defendants, those allegations are specifically denied.

11.     That as to the first sentence of Paragraph Nine (9), these Defendants generally admit same upon information and belief.  That as to the remaining portions of Paragraph Nine (9), these Defendants deny same as stated and demand strict proof thereof.

12.     That as to the first sentence of Paragraph Ten (10), these Defendants generally admit same upon information and belief.  That as to the remaining portions of Paragraph Nine (9), these Defendants only admit upon information and belief that on May 6, 2019, the Defendant Turner dispatched an EMS unit in an emergent capacity to 925 Windsor Road in Aiken County South Carolina.

13.     That as to Paragraphs Eleven (11), One hundred three (103), One hundred sixteen (116), and One hundred twenty-nine (129), while the Defendants Hunt, Killian, and Turner acknowledge that they are being sued in certain capacities herein, these Defendants expressly deny that any of Plaintiffs' claims against them are meritorious.

14.     Paragraph Twelve (12) contains allegations against other Defendants, and therefore, requires no response by these Defendants.  To the extent that this paragraph contains factual allegations against these Defendants, these Defendants deny same and demand strict proof thereof.

15.     That as to Paragraph Sixteen (16), while these Defendants acknowledge that Plaintiffs use certain phraseology regarding these Defendants' alleged conduct throughout the Complaint, these Defendants expressly deny that any of Plaintiffs' claims against them are meritorious.

16.     That as to Paragraph Seventeen (17), while these Defendants generally admit same, these Defendants expressly deny that any of Plaintiffs' claims against them are meritorious.

17.     Paragraphs Nineteen (19) and One hundred fifteen (115) are jurisdictional in nature, can neither be admitted nor denied, and these Defendants crave reference thereto.

18.     That as to the first sentence of Paragraph Twenty (20), Plaintiffs have set forth legal conclusions upon information and belief which can neither be admitted nor denied and,

therefore, these Defendants crave reference thereto.  That as to the second sentence of Paragraph Twenty (20), these Defendants generally admit same.

19.     That as to Paragraph Twenty-one (21), these Defendants deny same as stated upon information and belief and demand strict proof thereof.  Further responding, these Defendants crave reference to any and all dispatch or response log information for the most accurate evidence of what is contained therein.

20.     That as to Paragraph Twenty-two (22), these Defendants deny same as stated upon information and belief and demand strict proof thereof.  Further responding, these Defendants crave reference to any and all official population statistical information for the most accurate evidence of what is contained therein.

21.     That as to Paragraphs Fifteen (15), Eighteen (18), Twenty-three (23), Twenty-four (24), Thirty-two (32), Thirty-four (34), Forty-three (43), Forty-four (44), Forty-five (45), Forty-six (46), Forty-seven (47), Forty-eight (48), Forty-nine (49), Fifty (50), Fifty-one (51), Fifty-two (52), Fifty-three (53); Fifty-five (55), Fifty-six (56), Fifty-seven (57), Fifty-eight (58), Fifty-nine (59), Sixty (60), Sixty-one (61), Sixty-two (62), and Sixty-three (63), these Defendants deny same as stated upon information and belief and demand strict proof thereof.

22.     That as to Paragraph Twenty-five (25), these Defendants generally admit same.

23.     That as to Paragraphs Twenty-six (26), Twenty-nine (29), Thirty (30), Thirty-one (31), Thirty-three (33), Thirty-five (35), Seventy-nine (79), Eighty-one (81), Eighty-two (82), Eighty-three (83), Eighty-four (84), Eighty-five (85), Eighty-six (86), Eighty-eight (88), Eighty-nine (89), Ninety (90), Ninety-one (91), Ninety-two (92), Ninety-four (94), Ninety-five (95), Ninety-six (96), Ninety-seven (97), One hundred (100), One hundred one (101), One hundred four (104), One hundred five (105), One hundred six (106), One hundred seven (107), One hundred eight (108), One hundred nine (109), One hundred eleven (111), One

hundred twelve (112), One hundred thirteen (113), One hundred fourteen (114), One hundred seventeen (117), One hundred eighteen (118), One hundred nineteen (119), One hundred twenty (120), One hundred twenty-one (121), One hundred twenty-two (122), One hundred twenty-three (123), One hundred twenty-four (124), One hundred twenty-five (125), One hundred twenty-six (126), One hundred twenty-seven (127), One hundred thirty (130), One hundred thirty-one (131), One hundred thirty-two (132), One hundred thirty-three (133), One hundred thirty-four (134), One hundred thirty-six (136), One hundred thirty-seven (137), One hundred thirty-eight (138), One hundred thirty-nine (139), One hundred forty (140), these Defendants deny same upon information and belief and demand strict proof thereof.

24.    That as to Paragraph Twenty-seven (27), these Defendants deny same as stated upon information and belief.  Further responding, these Defendants crave reference to the findings of any and all relevant audits for the most accurate evidence of what is contained therein.

25.    That as to Paragraph Twenty-eight (28), these Defendants deny same as stated upon information and belief.  Further responding, these Defendants crave reference to official wage statistical information of neighboring agencies for the most accurate evidence of what is contained therein.

26.    That as to Paragraphs Fourteen (14), Ninety-nine (99), and One hundred thirty-five (135), Plaintiffs have set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, these Defendants crave reference thereto.

27.    That as to Paragraphs Thirty-six (36), Thirty-six (37), Thirty-eight (38), Thirty-nine (39), Forty (40), Forty-one (41), Forty-two (42), Plaintiffs have set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, these Defendants crave reference thereto.  Further responding, these Defendants crave reference

to the respective South Carolina statutory or regulation provisions for the most accurate evidence of what is contained therein.

28.    That as to Paragraph Fifty-four (54), these Defendants generally admit same.

29.    That as to Paragraphs Sixty-four (64), Sixty-five (65), Sixty-six (66), these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

30.    That as to Sixty-seven (67), Sixty-eight (68), Sixty-nine (69), Seventy (70), Seventy-one (71), Seventy-two (72), Seventy-three (73), Seventy-four (74), Seventy-five (75), Seventy-six (76), Seventy-seven (77), and Seventy-eight (78), these Defendants only admit upon information and belief that on May 6, 2019, the Defendant Turner dispatched an EMS unit in an emergent capacity to 925 Windsor Road in Aiken County South Carolina. Upon EMS Medic Melvin Flippin and an accompanying crew member's arrival at the residence, the Plaintiff Barbara Roberts was encountered supine on the floor, pulseless, and apneic. Medic Flippin administered emergency protocols, including but not limited to CPR. and then transported the patient to Aiken Regional Medical Center. Except as stated herein, these Defendants deny these paragraphs as stated and demand strict proof thereof.

31.    That as to Eighty (80), Eighty-seven (87), Ninety-three (93), Ninety-eight (98), One hundred two (102), One hundred ten (110), and One hundred twenty-eight (128), these Defendants reassert and reallege all previous allegations and defenses.

32.    Any and all allegations inconsistent with the foregoing are denied. Further, and that as to the prayer of the Complaint, these Defendants assert that Plaintiffs are not entitled to the relief requested in the Complaint, or any other relief against these Defendants.

## FOR A THIRD DEFENSE

33.    The Defendant ACSO is not a legal entity and, therefore, is not amenable to suit and is not a proper party defendant in this case.

**FOR A FOURTH DEFENSE**

34.    The Defendant ACEMS is not a legal entity and, therefore, is not amenable to suit and is not a proper party defendant in this case.

**FOR A FIFTH DEFENSE**

35.    These Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

**FOR A SIXTH DEFENSE**

36.    These Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

**FOR A SEVENTH DEFENSE**

37.    These Defendants allege that at all times herein that they were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, these Defendants are immune from suit.

**FOR AN EIGHTH DEFENSE**

38.    That as to Plaintiffs' cause of action for outrage or the intentional infliction of emotional distress, these Defendants allege that such claim is barred by the South Carolina Tort Claims Act, §15-78-30(f) of the South Carolina Code of Laws as amended.

**FOR A NINTH DEFENSE**

39.    These Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of Plaintiffs which is more than these Defendants' negligence, and that such is a complete bar to Plaintiffs' recovery herein.  Further, these Defendants, upon information and belief, allege that if Plaintiffs' negligence was less than

these Defendants' negligence, that such negligence should be compared to that negligence of these Defendants, so as to apportion the relative fault as to each party.

## FOR A TENTH DEFENSE

40.    The Defendants are immune from suit pursuant to pertinent portions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, *et seq*., and specifically, § 15-78-60 (1), (2), (4), (5), (6), (17), (20).

## FOR AN ELEVENTH DEFENSE

41.    The individual Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, are entitled to immunity.

## FOR A TWELFTH DEFENSE

42.    The actions of the individual Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR A THIRTEENTH DEFENSE

43.    These Defendants allege any and all claims for punitive damages are not properly recoverable under the common laws of the State of South Carolina or the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120(b).

## FOR A FOURTEENTH DEFENSE

44.    The Defendant Aiken County, as an entity, is entitled to sovereign immunity for all claims for punitive damages.  Punitive damages are not recoverable under 42 U.S.C. § 1983 against these Defendants pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748 (1981).

## FOR A FIFTEENTH DEFENSE

45.    These Defendants assert the Public Duty Rule as a bar to Plaintiffs' allegations, in whole or in part.

## FOR A SIXTEENTH DEFENSE

46.     The Defendants Sheriff Hunt and Killian are not "persons" within the meaning of 42 U.S.C. § 1983 and, as such, are not subject to suit.

## FOR A SEVENTEENTH DEFENSE

47.     These Defendants allege that the Complaint fails to state a cause of action pursuant to 42 U.S.C. § 1983 as the Defendants Lott and Killian cannot be liable pursuant to the principle of *respondent superior*.

## FOR AN EIGHTEENTH DEFENSE

48.     The Defendant Aiken County is not liable for the actions of the Sheriff of Aiken County or his deputies, pursuant to the pertinent portions of the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq.* (1976) as amended as well as the laws of South Carolina.

## FOR A NINETEENTH DEFENSE

49.     These Defendants allege upon information and belief that Plaintiffs fail to allege facts sufficient to state such a cause of action since there is no statutory scheme in South Carolina which enables a citizen to bring a private right of action for civil damages under the state constitution.

## FOR A TWENTIETH DEFENSE

50.     There is no joint and several liability against these Defendants, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq.* (1976) as amended and, therefore, all references to joint and several liability should be stricken from Plaintiffs' Complaint.

## FOR A TWENTY-FIRST DEFENSE

51.    The Defendants Hunt, Killian, and Turner, in their individual capacities, are immune from suit pursuant to the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-70(c).

## FOR A TWENTY-SECOND DEFENSE

52.    These Defendants raise improper service, lack of service, and insufficiency of service of process pursuant to Rule 4, Fed.R.Civ.P., as a complete bar to Plaintiffs' claims.

CROWE LAFAVE, LLC


BY:    *s/Robert D. Garfield*
        ROBERT D. GARFIELD
        Federal I.D. No. 7799
        Post Office Box 1149
        Columbia, South Carolina 29202
        T: (803) 999-1225
        F: (803) 848-8157
        robert@crowelafave.com

        *Counsel for Defendants Aiken County,*
        *ACSO, ACEMS, Hunt, Killian, & Turner*

Columbia, South Carolina

June 15, 2021